### DEN v. BRANDS AND AL.

A report of referees will not be set aside, because the referees report the title to the land to be in the lessors of the plaintiff, instead of, in the plaintiff; nor because the referees report, that the lessors of the plaintiff are tenants in common of the whole premises, though the declaration contains no joint demise of the whole, but three separate demises for entire parcels of land.

*William L. Dayton*, moved for confirmation of the report of the referees, to whom this cause had been referred by the consent of parties, and a rule of this court made thereon, and that judgment be entered for the plaintiff on said report.

*P. Vreedenbergh*, for the defendant, opposed the motion on two grounds.

1st. That the referees have found and reported, that the title is in the lessors of the plaintiff, and not in the plaintiff himself; or in other words, that the referees have not reported in favour of the plaintiff, but in favour of his lessors; and 2dly. That there are three lessors of the plaintiff in this case, and the declaration contains three separate demises for entire parcels of land, and no joint demise of the whole; yet the referees have reported that the lessors of the plaintiff, are tenants in common of the whole premises.

PER TOT CURIAM. There is nothing in either of the objections. The referees in finding and reporting that the title to the premises, is in the lessors of the plaintiff, have only found and reported a fact, of which a jury must have been satisfied, before they could have rendered a verdict for the plaintiff. A formal verdict of guilty, in an action of ejectment, means nothing more, than that the lessor of the plaintiff has the title to, or the right of possession of the premises. Giving judgment for the nominal plaintiff therefore, in this case, is only giving to the real plaintiffs, the legal effect of the report of the referees. The second objection is equally groundless. Tenants in common, may recover the entire premises, either upon a joint or upon separate demises by each of them, of the whole tract. *Jackson* v. *Sidney*, 12 *Johns. R.* 185; *Jackson* v. *Bradt*, 2 *Caines' R.* 169 *to* 176. Let the report be filed, and judgment entered for the plaintiff.

*Judgment for plaintiff.*